UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CALVIN TROY OLIVER JR. | § | |
| | § | |
| V. | § | CIVIL NO. A-18-CA-793-RP |
| | § | |
| LORIE DAVIS | § | |

### ORDER

Before the Court is Petitioner Calvin Troy Oliver Jr.'s Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (DE 1). Petitioner, proceeding pro se, has paid the applicable filing fee for this case. On September 18, 2018, Petitioner was ordered to show cause why his petition should not be dismissed as time-barred (DE 6). Petitioner responded on October 2, 2018 (DE 7). For the reasons set forth below, Petitioner's application is dismissed with prejudice as time-barred.

### I. STATEMENT OF THE CASE

Before the Court is Petitioner's application for habeas corpus relief in which he challenges his holding conviction in cause number 992924 out of Travis County, Texas. Petitioner's application is barred by the one-year statute of limitations.

The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner's conviction became final, at the latest, on January 11, 2001, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of

Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Therefore, Petitioner had until January 11, 2002, to timely file his federal application.

Petitioner did not pursue state habeas relief until 2018, long after the limitations period had already expired. Petitioner's state applications do not operate to toll the limitations period, because they were filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner contends the untimeliness of his application should be excused because his state habeas counsel failed to file an ineffective assistance of counsel claim asserting that trial counsel was ineffective for not objecting to the indictment and filing a motion to quash or dismiss. However, this allegation does not excuse the untimely filing of Petitioner's federal application, as a 16-year delay can hardly be considered diligent.

Petitioner also has not shown he was actually innocent under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was

not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

In sum, Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## II. CONCLUSION

Petitioner's application for writ of habeas corpus was filed after the limitations period expired and is dismissed as time-barred.

## III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that the Application for Writ of Habeas Corpus (DE 1) is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on October 22, 2018.

	ROBERT PITMAN
	UNITED STATES DISTRICT JUDGE